UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDY JONAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRENT REINKE, JIM WOOLF, LEE ANN HAMILTON, JEFF KIRKMAN, FELICIA FUNK, and JOHN AND JANE DOES 1-10,<br><br>　　　　Defendants. | Case No. 4:12-cv-00251-BLW<br><br>MEMORANDUM DECISION |

## INTRODUCTION

Before the Court is Defendant Hamilton's motion for summary judgment. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## LITIGATION BACKGROUND

Plaintiff Jonas is an inmate housed at the Pocatello Women's Correction Center (PWCC). In her complaint, she alleged that officials at the PWCC ignored her claims for medical treatment. In two prior decisions, the Court dismissed all but one claim: That defendant Lee Ann Hamilton – a Deputy Warden at the PWCC – was deliberately indifferent to Jonas' thumb injury, causing Jonas permanent injury. Hamilton now seeks

summary judgment on that claim, alleging that in her supervisory role, she had no authority over those who treated Jonas.

## LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.*"* *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id*. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu,* 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255. If a claim requires clear and convincing

evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Liberty Lobby*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

The evidence in this record is undisputed that Hamilton had no authority over those providing medical treatment or those administering the medical grievance process.

*See Hamilton Affidavit (Dkt. No. 30-3)* at ¶ 5.  Medical services were provided at PWCC by a private entity, Corizon Inc., and the resolution of complaints about Corizon's provision of health care was "separate from prison operations." *Id.* at ¶9.

Jonas alleges that she dislocated and broke her thumb on July 24, 2011.  She was seen by Dr. Gilbert on August 16, 2011, who found no deformity or misalignment.  *See Exhibit G (Dkt. No. 12-4).*  About a month later, on September 19, 2011, she filed a grievance complaining that her thumb is "deformed & does not work right."  *See Davis Affidavit (Dkt. No. 12-2)* at ¶ 15.  When her grievance was denied on the basis that Dr. Gilbert found no problem, Jonas appealed, claiming that Dr. Gilbert erred and that her thumb was painful and did not work properly.  *Id.*  Her appeal was denied on October 10, 2011.  *See Exhibit G, supra.*

Sometime after October 10, 2011, she confronted Hamilton, asking him, "What did I have to do to get medical treatment?"  *See Jonas Brief (Dkt. No. 32)* at p. 1.  By this time, as Jonas herself states, she "had already seen [Dr. Gilbert]" and had her grievance appeal denied.  *Id.*  Thus, Jonas' confrontation with Hamilton must have occurred sometime after October 10, 2011, the date on which her appeal was denied.  During this confrontation, Jonas says she "was only asking what else she could to get [her] thumb fixed [and] how to get medical attention."  *Id.*

When Hamilton refused to intervene, Jonas says she "started over again" with the grievance process.  *Jonas Brief, supra* at p. 2.  This time she obtained a surgery date of December 12, 2011, with an orthopedic surgeon, although that date was later moved.  *See*

**MEMORANDUM DECISION – Page 4**

*Exhibit H (Dkt. No. 12-4).* The surgery was finally performed in January of 2012. *See Complaint (Dkt. No. 2)* at p. 4.

Jonas claims that because of delays in treatment, her thumb had to be fused instead of being repaired. She argues that Hamilton violated her rights under the Eighth Amendment by refusing to intervene in her medical grievance and expedite the process.

However, there is no evidence that Hamilton's inaction caused Jonas' injury. It is undisputed on the present record that Hamilton had no authority over medical treatment or the grievance process. There is no evidence that the first three months of delay – that is, from the injury in July until the confrontation in October – were due to any action or inaction on the part of Hamilton. Those three months of delay occurred before Jonas even notified Hamilton of her complaint.

Even assuming that the last three months of delay – from the confrontation in October until the surgery in January – were due to Hamilton's inaction, there is no evidence in this record that these three months of delay were the reason the thumb had to be fused instead of repaired. More specifically, there is no medical evidence – or any competent evidence – that Jonas' thumb could have been repaired instead of fused if Hamilton had intervened in mid-October and moved the surgery up to November or December 2011, instead of January 2012.

For all these reasons, the motion for summary judgment will be granted. Because this resolves the last remaining issue, the Court will issue a final Judgment as required by Rule 58(a).



DATED: September 22, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court